**WHITE et al. v. DAWSON, Judge.**

Circuit Court of Appeals, Sixth Circuit.
April 15, 1927.

No. 4814.

1. **Courts** ⟨⟐⟩406(9)—Decree canceling in part oil and gas lease entered on mandate of appellate court should have awarded full relief naturally applicable to situation.

In suit to cancel oil and gas lease, where Circuit Court of Appeals reversed decree adverse to plaintiff, and ruled that he was entitled to cancellation of lease, except as to small acreage about two wells already drilled, *held*, decree of District Court entered on mandate of Circuit Court of Appeals, should have awarded full relief naturally applicable to plaintiff's situation, though not expressly directed, such as injunction against continued occupation or use of leased premises, except as to the two wells and pipe line thereto, and order for payment of rentals then accumulated under tender and for accounting for value of unauthorized use of premises.

2. **Mines and minerals** ⟨⟐⟩78(7)—Oil lessee, on cancellation of lease in part, could not in accounting, set off cost of well against value of gas therefrom.

Oil and gas lessee, on cancellation of lease, except as to small acreage about two wells, *held* not entitled to set off cost of third well against the value of gas taken therefrom, in accounting.

Original petition by R. A. White and others for mandamus to be directed again Hon. Charles I. Dawson, Judge of the District Court for the Western District of Kentucky. Disposition in accordance with opinion.

See, also, 8 F.(2d) 261.

Augustus E. Willson, of Louisville, Ky., Noggle & Graham, of Greensburg, Ky., and John P. Haswell, of Louisville, Ky., for petitioners.

Leo T. Wolford and Wm. Marshall Bullitt, both of Louisville, Ky., and W. Chapman Revercomb, of Charleston, W. Va., for respondent.

Before DENISON, DONAHUE, and KNAPPEN, Circuit Judges.

DENISON, Circuit Judge. This is an application for a mandamus directing the District Judge to entertain a supplemental bill. He had refused, on the ground that to do so would be inconsistent with the mandate of this court, issued after our opinion in White v. Green River Gas Co. (C. C. A.) 8 F.(2d) 261, unless our permission first be obtained. In this he was clearly right, and the writ of mandamus must be denied.

[1] The petition further asks an order granting leave to file this supplemental or amended and supplemental bill. It also asks that the intent and effect of the former opinion

and mandate be elaborated, which, in view of the situation now shown, seems advisable. That opinion found and held that the lease and all the lessee's rights ended in September, 1921, *except* as to the two wells and their appurtenant land.

As to these, at the time the bill was filed the lessee was not obliged to pay further rental, because no gas was being sold off the premises; but this was the lessee's privilege. He waived it and continued to pay, and the lessor accepted such payments, carrying the extension rights up to April, 1923. Before the case was disposed of below, gas was being sold from these two wells. Hence this two-well lease could be continued in force at the will of the lessor, as long as gas continued to be "sold off the premises," and at the will of the lessee, as long as it paid pursuant to that condition or chose to waive the condition and pay anyhow.

It is true that the opinion first said that the lessor could not repudiate the lease for the period for which rent *had been paid and accepted;* but that was comment on a past condition, and the opinion then proceeded to consider the future, and held that it would be inequitable to cancel this two-well lease *"as long as the lessee continues to pay."* There is no inconsistency in this particular.

That the opinion intended the two-well lease to continue in the future is evident from the provision for fixing the acreage for each well, after the case should be remanded. The record was clear that White had given notice in 1922 that he would accept no more rentals, that he never did, and that he was, by amendments, trying to get into the court below on the theory that all rights to the two-well lease ended in April, 1923. The opinion was an overruling of White's whole theory on this subject.

The court below, in the decree entered upon the mandate, did not go beyond the express direction of the mandate, and evidently doubted its power to go further. We think its decree should have awarded, also, the full relief naturally applicable to the situation which our opinion created as to the main question in controversy. Plaintiff was thereupon entitled to a decree enjoining defendant from any continued occupation or use by well, pipe line, or otherwise, of any part of the leased premises, except as to the two wells and pipe line to be used solely for conveying the gas therefrom—such exception to continue as long as the two-well annual rentals may be paid or tendered—and plaintiff was entitled to the immediate payment of the two-well rentals then accumulated under tender and to an

accounting of and judgment for the value of all gas taken and removed from the premises after September, 1921, and the value of all unauthorized use of the premises, by pipe line or otherwise, after that date—*except* as to the gas removed from, and the use of the premises incident to, wells numbers 1 and 2.

[2] In such accounting the cost of well No. 3 (unless authorized in some way not shown by this record), cannot be offset against the value of the gas therefrom. The determination of the acreage proper for wells 1 and 2 should be made as of September, 1921, dependent on conditions then existing and properly anticipated. Pending such determination, plaintiff should be at liberty to sink other wells or make any other appropriate use of his premises outside of two 50-acre tracts, in square form, surrounding each of the two wells as a center; that being the maximum acreage permissible under the plaintiff's testimony in the record upon which the case was here submitted, and no intimation as to the proper acreage eventually to be determined being now intended. The determination and location of acreage for the two wells should be promptly made through a reference to a master, who should fix the procedure before him and make prompt report; the accounting should be upon the usual procedure.

If additional defendants are necessary to the proper enforcement of plaintiff's rights, as formerly and as herein declared, the proper amended and/or supplemental bill should be allowed; but no such bill may question the right of defendants to take and pipe away gas from wells 1 and 2 so long as the annual payment of $200 is made.

A copy of this opinion will be certified to the court below. The taxable costs of this petition will be certified to the court below, and taxed in favor of plaintiff in the case there pending.